# Exhibit F

JENNIFER L. GOTTSCHALK, ESQ.
NJ Bar ID Number 003391980
1920 Fairfax Avenue
Cherry Hill, New Jersey  08003
(856)432-1885
(856)295-8939 (fax)
jgottschalkesq@gmail.com
Attorney for defendant Kevin Smith

| | |
|---|---|
| STATE OF NEW JERSEY,<br>        Plaintiff,<br><br>v.<br><br>KEVIN SMITH,<br>        Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>INDICTMENT NO. 2015-05-0523-I<br><br>Criminal Action<br><br>MOTION IN LIMINE/BAR EVIDENCE |

TO:  Stephen Eife, Asst. Burlington County Prosecutor
     Burlington County Prosecutor's Office
     P.O. Box 6000
     Mount Holly, New Jersey  08060

Please take notice, that on August 19, 2016, at 1:30 p.m., defendant Kevin Smith will move for an order barring cellular telephone evidence allegedly relating to him, and if denied, then an order requiring evidence of cellular telephonic contact between him and Michael Robinson and him and Adriane Williams to be presented through expert opinion and testimony as set forth in N.J. Court Rule 3:13-3(b)(1)(I) and N.J.R.E. 702.

Defendant will rely upon the attached certification and Letter in lieu of brief in support of this motion.

Dated:  July 14, 2016                       /s/ *Jennifer L. Gottschalk*
                                                    Jennifer L. Gottschalk, Esq.

JENNIFER L. GOTTSCHALK, ESQ.
NJ Bar ID Number 003391980
1920 Fairfax Avenue
Cherry Hill, New Jersey  08003
(856)432-1885
(856)295-8939 (fax)
jgottschalkesq@gmail.com
Attorney for defendant Kevin Smith

| | |
|---|---|
| STATE OF NEW JERSEY,<br>    Plaintiff,<br><br>v.<br><br>KEVIN SMITH,<br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>INDICTMENT NO. 2015-05-0523-I<br><br>Criminal Action<br><br>CERTIFICATION |

JENNIFER L. GOTTSCHALK, of full age, does certify and say:

1.  I am an attorney-at-law of the State of New Jersey.  I am designated counsel for defendant in the above-captioned matter and was appointed to represent Mr. Smith by the Office of the Public Defender on or around May 5, 2016.  I am familiar with the facts of the case.

2.  On May 5, 2015, the Burlington County Grand Jury returned Indictment 2015-05-0523I against defendant and Michael Robinson. In it, the two were charged with three counts of first-degree kidnapping, contrary to N.J.S.A. 2C:13-1 (counts 1, 2 and 3); one count of first-degree armed robbery, contrary to N.J.S.A. 2C:15-1 (count 4); one count of second-degree burglary, contrary to N.J.S.A. 2C:18-2a(1) (count 5); one count of second-degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(1) (count 6);

1

one count of second-degree possession of a weapon (firearm) for an unlawful purpose, contrary to N.J.S.A. 2C:39-4a(1) (count 9); one count of second-degree unlawful possession of a weapon (firearm), contrary to N.J.S.A. 2C:39-5b(1) (count 10); and one count of second-degree possession of a weapon by a convicted felon/certain persons, contrary to N.J.S.A. 2C:39-7b(1) (count 11). Defendant Smith alone was charged with two counts of first-degree aggravated sexual assault, contrary to N.J.S.A. 2C:14-2a(3) (counts 7 and 8).

3. When I was hired to represent Mr. Smith, I obtained the trial file from the Office of the Public Defender. It contained all of the discovery and pleadings that had been filed in the case to that date.

4. Based upon my review of the file, it appeared that key evidence against Mr. Smith was based upon telephone records connecting him to Michael Robinson and Adriane Williams, with whom Mr. Robinson was associated.

5. None of the subscriber information relating to Mr. Smith was in the file, nor have I received it as of the filing of this motion.

6. It appears that the State's theory was that September 11, 2013, (a Wednesday), Robinson and Williams traveled from their hometown of Binghamton, New York, to Mr. Smith's residence in Brooklyn, New York, picked him up, and all three then traveled

to Burlington Township, New Jersey, by car. When they arrived at 31 Larkin Road, Burlington Township, Smith and Robinson confronted and physically assaulted Thomas "Sonny" Wallace with pistols and tied him up inside the residence, which was not Mr. Wallace's home. It was further alleged that Mr. Smith sexually assaulted two other women who were present at the house while also restraining them.

7. It also appears that the police investigation of the incident at 31 Larkin took many months, and that no arrests were made until nearly 1 year later. The initial break came in identifying DNA evidence on a water bottle at the scene to Mr. Robinson, then inculpating Ms. Williams through Mr. Robinson's phone records.

8. The discovery also shows in investigative reports that the investigation led to identities of other individuals, including Kevin Smith, to whom cell phone calls were placed and from whom calls were received.

9. This information was used to obtain an arrest warrant for Mr. Smith in September 2014.

10. Apparently, the State will rely upon cell phone records it claims are attributable to Mr. Smith to show two important pieces of evidence: (1) that Mr. Smith had telephonic contact with Robinson and Williams before and on September 11, 2013; and

(2) that Mr. Smith was in the general area of 31 Larkin Road, Burlington Township, New Jersey, on September 11, 2013.

11. The Court has set the trial of this matter for September 13, 2016.

12. Because I have yet to see cell phone records and subscriber information tying Kevin Smith to this crime, I am moving to have that evidence suppressed from use at the trial. Having less that 60 days to review this material is insufficient for me to prepare for trial, as I anticipate that I would need to subpoena and obtain the subscriber information and call and text records from any cell phone providers used by my client during the relevant period.

13. Even if this Court is inclined to approve the State's use of that evidence, then I would ask that the State be compelled to provide an expert report concerning the use of cell phone towers to identify the whereabouts of an individual based upon triangulation or whatever "science" is used for that calculation. Of course, the witness preparing the report would also have to provide his or her expert credentials in support of the opinion concerning the geographical location of the individual using the cell phone.

14. Notably, it is expected that an order requiring the State to present the cell phone tower evidence through an expert will create time difficulties with my acquiring an expert to counter

that testimony at trial.  I would therefore ask for latitude from the Court so that I may find and prepare my own expert.

15. Upon information and belief, Michael Robinson and Kevin Smith were never before acquainted until meeting in the Burlington County Jail when both were arrested for the present offenses in September 2014.

16. Because I believe that Mr. Robinson would testify that he had not known my client before their arrest, I would wish to have Mr. Robinson available to testify at trial on behalf of my client.  Therefore, Mr. Smith cannot stand trial with Mr. Robinson.

17. The foregoing statements are true to the best of my knowledge, information and belief.  I understand that I may be punished if I have made any false statement willfully.

Dated: July 14, 2016        /s/ *Jennifer L. Gottschalk*
                            Jennifer L. Gottschalk

**JENNIFER L. GOTTSCHALK, ESQ.**
ATTORNEY AT LAW
1920 FAIRFAX AVE.
CHERRY HILL, N.J. 08003
(856) 432-1885
(732) 835-8064
(fax)(856)295-8939

Jennifer L. Gottschalk, Esq.
NJ Bar ID Number 003391980
Admitted in NJ & MD
jgottschalkesq@gmail.com

July 15, 2016

Hon. Terrence R. Cook, J.S.C.
Superior Court, Law Division
Burlington County Courts Facility
P.O. Box 6555
Mount Holly, New Jersey  08060

        Re: State v. Kevin Smith
           Ind. No. 2015-05-0523-I

Your Honor:

Please accept this Letter in lieu of a more formal brief, in support of defendant's Motion to Sever and Motion in limine regarding the State's use of cell phone records and presentation of evidence of the geographical location of my client based upon cell tower signals.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant relies upon the statement of facts and relevant procedural history set forth in the attached Certification.

LEGAL ARGUMENT

POINT ONE

> THE STATE SHOULD BE BARRED FROM
> PRESENTING ANY EVIDENCE OF DEFENDANT'S
> ALLEGED CELL PHONE RECORDS BECAUSE
> IT HAS FAILED TO PROVIDE THEM IN
> DISCOVERY.

Defendant contends that the State has failed to fulfill its discovery obligations to turn over his cell phone records to him.

JENNIFER L. GOTTSCHALK, ESQ.
July 15, 2016
Page Number 2

Because that material is highly relevant to both the State's case and the defense case, the State's failure should result in suppression of that evidence.

R. 3:13-3(g) contemplates that a trial judge will take appropriate action when the State fails to comply with its continuing duty to disclose relevant information. State v. Clark, 347 N.J. Super. 497, 508 (App. Div. 2002). If either party fails to honor its discovery obligations, the rule provides that the court "may order such party to permit the discovery . . . , grant a continuance or delay during trial, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate." R. 3:13-3(g).

Here, cell phone records that the State asserts belong to defendant have never been given over in discovery. Defendant is seeking both subscriber information and the call/text records. Those records could provide two key pieces of evidence that the State claims would link defendant to the within crimes. First, the records would show telephonic contact between defendant and Michael Robinson and defendant and Adriane Williams before and on September 11, 2013. Secondly, the records would substantiate defendant's presence in Burlington Township by using cell phone tower signal information on the date and at the approximate times of the crimes. (Certification,

JENNIFER L. GOTTSCHALK, ESQ.
July 15, 2016
Page Number 3

Para. 10). Without the cell phone evidence, the State would have to rely solely upon testimony of Adriane Williams to place defendant at the scene.

Suppression of this evidence is not too harsh a remedy and is within the purview of this Court's discretion. Postponing the trial to allow the State to provide the material would harm defendant, as he has been in jail since September 2014 and has been anxious to defend these charges of which he claims innocence. Similarly, allowing the State to use that evidence at this late date would also prejudice defendant, as he would be unable to prepare his defense in time to try the case. See Clark, supra. It is irrelevant whether the State is willfully withholding this evidence, as any lesser sanction will not protect defendant's right to a fair trial. See, e.g., State v. Marshall, 123 N.J. 1, 134 (1991).

It is respectfully submitted that cell phone information, including subscriber information and call and text records purporting to relate to Kevin Smith must be suppressed.

JENNIFER L. GOTTSCHALK, ESQ.
July 15, 2016
Page Number 4

POINT TWO

THE STATE SHOULD BE REQUIRED TO PRESENT
ITS EVIDENCE ABOUT CELL PHONE TOWER
SIGNALS THROUGH EXPERT REPORT AND
OPINION TESTIMONY.

Defendant maintains that evidence relating to the geographical location of a cell phone user based upon cell tower signals can only be introduced to a fact-finder through expert testimony. Therefore, the State should be required to prepare an expert report pre-trial and provide defendant with the expert's credentials in ample time so that defendant can prepare his rebuttal to that evidence.

N.J.R.E. 702 provides that,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of opinion or otherwise.

Three basic requirements for the admission of expert testimony are: (1) that the intended testimony must concern a subject matter that is beyond the ken of the average juror; (2) the field testified to must be at a state of the art that such an expert's testimony could be sufficiently reliable; and (3) the witness must have sufficient expertise to offer the intended testimony. State v. Kelly, 97 N.J. 178, 208 (1984).

JENNIFER L. GOTTSCHALK, ESQ.
July 15, 2016
Page Number 5

    The Supreme Court of New Jersey has recognized the science and technology relating to the field of wireless network information. In State v. Earls, 214 N.J. 564 (2013), the Court began its analysis of the case involving warrantless obtaining of GPS information from a cell phone by describing how cell phones work, and describing how a cell phone can be tracked. Id. at 576-77. Chief Justice Rabner, who wrote for the unanimous Court, then explained the degree of accuracy of tracking a cell phone and the factors affecting that. He also explained that each cell phone carrier had its own means of retaining location data. Id. at 578-79. This information was all gleaned from various sources to which the opinion cited. Ibid.

    It is clear from the technical information revealed in Earls, supra, that cogent facts about a cell customer's whereabouts need to be explained by someone who understands the technology behind cellular wireless service. Indeed, there are such people, who are deemed "experts" in the field. While there are more than 300 million cell phones in use in the United States at this time, see Earls, supra, defendant submits that a relatively small number of cell phone users can explain how a cell phone signal is created, transmitted and traced. That information would be vital to a juror hearing a case against defendant, where the State is contending that his cell phone was in the Burlington Township area on the date and

JENNIFER L. GOTTSCHALK, ESQ.
July 15, 2016
Page Number 6

during the approximate time of the alleged crimes. Certainly, a jury would need to hear about the reliability of the signal-retrieval data and margins for error when assessing the cell data location information. Therefore, the State should produce an appropriate expert, a certified wireless network expert, to provide technical testimony to the jury.

POINT THREE

DEFENDANT MUST BE SEVERED FROM<br>
CO-DEFENDANT ROBINSON IN ORDER TO<br>
RECEIVE A FAIR TRIAL.

Defendant contends that his joinder with co-defendant Robinson for trial will abridge his right to a fair trial; therefore, he and Robinson should be severed.

<u>Rule</u> 3:7-7 permits the joinder of two or more defendants in the same indictment if they are alleged to have participated in the same act or transaction. <u>Ibid.</u> However, if it appears that a defendant is prejudiced by joinder of defendants for any reason, "the court may ... grant a severance of defendant, or direct other appropriate relief." <u>R.</u> 3:15-2(b). Severance is the appropriate remedy where one defendant is anticipated to exculpate a co-defendant but who would not testify in a joint trial. <u>State v. Sanchez</u>, 143 <u>N.J.</u> 273 (1996); <u>see also</u> <u>State v. DeRoxtro</u>, 327 <u>N.J. Super.</u> 212 (App. Div. 2000).

JENNIFER L. GOTTSCHALK, ESQ.
July 15, 2016
Page Number 7

As asserted in the attached Certification, it is expected that co-defendant Robinson would provide exculpatory testimony for defendant if called as a witness by Mr. Smith. If both stand trial in the same proceeding, however, Smith could not call Robinson to testify, as co-defendant Robinson enjoys a constitutional right not to provide evidence against himself. See Bruton v. United States, 391 U.S. 123 (1968); State v. Young, 46 N.J. 152 (1965).

Under the present circumstances, it is submitted that the State should not be permitted to try defendants Smith and Robinson together. Therefore, defendant Smith's motion to sever should be granted.

Respectfully submitted,

*Jennifer L. Gottschalk*

Jennifer L. Gottschalk, Esquire
Attorney for Kevin Smith

c: Stephen Eife, Asst. Burlington County Prosecutor
Terrell Ratliff, Esq.

JENNIFER L. GOTTSCHALK, ESQ.
July 15, 2016
Page Number 8