UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X

KEVIN SMITH,                                                                  Docket No.**1:18-cv-05088-JBS-KMW**

                                              Plaintiff,                      **AMENDED COMPLAINT**

                    -- against --                                            Jury Trial Demanded


UNITED STATES OF AMERICA, BURLINGTON COUNTY,
BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE,
BURLINGTON TOWNSHIP POLICE DEPARTMENT,
BURLINGTON COUNTY PROSECUTOR'S OFFICE,
MARSHAL SHAWN GORLIN, DETECTIVE KAREN DENELSBECK
in her official and individual capacity, DETECTIVE BRANDON ROBERSON in
his official and individual capacity, PATROLMAN HRESO in his
official and individual capacity, DETECTIVE MICHAEL WILTSEY in
his official and individual capacity, DETECTIVE M. SPERRY in his
official and individual capacity, DETECTIVE D. KOHLER in his
official and individual capacity, DETECTIVE JOE CORDOMA in his official
and individual capacity, DETECTIVE ROBERT HAGEMAN in his official
and individual capacity, DETECTIVE DAVE BRINTZINGHOFFER in his
official and individual capacity, DETECTIVE CHRISTOPHER ENT in his
official and individual capacity, DETECTIVE S. CRAIG in his official
and individual capacity, DETECTIVE M. REGAN in his official and
individual capacity, PATROLMAN ROBERT FENIMORE in his official
and individual capacity, SGT. R. SULLIVAN in his official and individual
capacity, DETECTIVE MARC CARNIVALE in his official and individual
capacity, AGENT TODD FISCHER in his official and individual capacity,
PATROLMAN WORRELL in his official and individual capacity,
DETECTIVE TIM HORNE in his official and individual capacity, and
JOHN/JANE DOE NOS. 1 THROUGH 10, being unknown
employees of the County of Burlington, and Burlington Township
in their individual and official capacities, who were involved
in the investigation, prosecution and detention at issue,

                                              Defendants.

-----------------------------------------------------------------------X


        Plaintiff KEVIN SMITH, by and through his attorney Justin Bonus, complaining of defendants

UNITED STATES OF AMERICA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED

STATES   MARSHALS   SERVICE,   BURLINGTON   TOWNSHIP   POLICE   DEPARTMENT,

BURLINGTON COUNTY PROSECUTOR'S OFFICE, MARSHAL SHAWN GORLIN in his official and individual capacity, DETECTIVE KAREN DENELSBECK in her official and individual capacity, DETECTIVE BRANDON ROBERSON in his official and individual capacity, DETECTIVE MICHAEL WILTSEY in his official and individual capacity, DETECTIVE M. SPERRY in his official and individual capacity, DETECTIVE D. KOHLER in his official and individual capacity, DETECTIVE JOE CORDOMA in his official and individual capacity, DETECTIVE ROBERT HAGEMAN in his official and individual capacity, DETECTIVE DAVE BRINTZINGHOFFER in his official and individual capacity, DETECTIVE CHRISTOPHER ENT in his official and individual capacity, DETECTIVE S. CRAIG in his official and individual capacity, DETECTIVE M. REGAN in his official and individual capacity, PATROLMAN ROBERT FENIMORE in his official and individual capacity, PATROLMAN HRESO in his official and individual capacity, SGT. R. SULLIVAN in his official and individual capacity, DETECTIVE MARC CARNIVALE in his official and individual capacity, AGENT TODD FISCHER in his official and individual capacity, PATROLMAN WORRELL in his official and individual capacity, DETECTIVE TIM HORNE in his official and individual capacity, and JOHN/JANE DOE NOS. 1 THROUGH 10, being unknown employees of the County of Burlington, and Burlington Township in their individual and official capacities, who were involved in the investigation, prosecution and detention at issue, hereby alleges upon information and belief as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff KEVIN SMITH is a natural person residing in Kings County, New York.  At the times relevant to the lawsuit, he resided in Kings County or was incarcerated in Burlington County Detention Center.

2.      Defendant UNITED STATES OF AMERICA ("USA") is and at all times relevant to this Complaint a federal republic and governing body that the State of New Jersey is a part of.  Upon information and belief, all individual parties to this action are citizens of the USA.

3.      Defendant BURLINGTON COUNTY is and at all times relevant to this Complaint a body

politic and municipality of the State of New Jersey.

4.    Defendant BURLINGTON TOWNSHIP is and at all times relevant to this Complaint was a body politic and municipality of the State of New Jersey.

5.    Defendant UNITED STATES MARSHALS SERVICE ("Marshals") is and at all times relevant to this Complaint a law enforcement agency of the USA.

6.    Defendant BURLINGTON TOWNSHIP POLICE DEPARTMENT ("BTPD") is and at all times relevant to this Complaint a division or department of Burlington Township.

7.    Defendant BURLINGTON COUNTY PROSECUTOR'S OFFICE ("BCPO") is and at all times relevant to this Complaint a division or department of Burlington County.

8.    Defendant MARSHAL SHAWN GORLIN is and at all times relevant to this Complaint a United States Marshal.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

9.    Defendant DETECTIVE KAREN DENELSBECK is and at all times relevant to this Complaint a Burlington Township police officer.  She is sued in her official and personal capacities for her intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

10.    Defendant SGT. DAVID BRINTZINGHOFFER is and at all times relevant to this Complaint a Burlington Township police officer.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

11.    Defendant DETECTIVE CHRISTOPHER ENT is and at all times relevant to this Complaint a Burlington Township police officer.  He is sued in her official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

12.    Defendant DETECTIVE BRANDON ROBERSON is and at all times relevant to this

Complaint a Burlington Township police officer.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

13.    Defendant PATROLMAN ROBERT FENIMORE is and at all times relevant to this Complaint a Burlington Township police officer.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

14.    Defendant PATROLMAN HRESO is and at all times relevant to this Complaint a Burlington Township police officer.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

15.    Defendant SGT. R. SULLIVAN is and at all times relevant to this Complaint a Burlington Township police officer.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

16.    Defendant PATROLMAN WORRELL is and at all times relevant to this Complaint a Burlington Township police officer.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

17.    Defendant MARC CARNIVALE is and at all times relevant to this Complaint a Burlington Township police officer.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

18.    Defendant DETECTIVE ROBERT HAGEMAN is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his

intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

19.     Defendant DETECTIVE SGT. MICHAEL WILTSEY is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

20.     Defendant DETECTIVE SGT. M. SPERRY is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

21.     Defendant DETECTIVE SGT. D. KOHLER is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

22.     Defendant DETECTIVE JOE CORDOMA is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

23.     Defendant DETECTIVE S. CRAIG is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

24.     Defendant DETECTIVE M. REGAN is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged

in this Complaint.

25.     Defendant AGENT TODD FISCHER is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

26.     Defendant DETECTIVE TIM HORNE is and at all times relevant to this Complaint a Burlington County Prosecutor's Office detective.  He is sued in his official and personal capacities for his intentional violation of Mr. SMITH's clearly established rights under state law and the United States Constitution, as alleged in this Complaint.

27.     Defendants JOHN/JANE DOE NOS. 1 THROUGH 10 are, and were at all times relevant to this lawsuit, employees employed by defendants USA, BURLINGTON COUNTY and BURLINGTON TOWNSHIP and having the powers and duties imposed by law thereon, whose identities are not presently known to plaintiff but who participated in the unlawful and/or unconstitutional acts alleged herein.

28.     At all times relevant to this lawsuit, defendants MARSHAL SHAWN GORLIN, DETECTIVE KAREN DENELSBECK, DECTIVE BRANDON ROBERSON, DETECTIVE MICHAEL WILTSEY, DETECTIVE M. SPERRY, DETECTIVE D. KOHLER, DETECTIVE JOE CORDOMA, DETECTIVE ROBERT HAGEMAN, DETECTIVE DAVE BRINTZINGHOFFER, DETECTIVE CHRISTOPHER ENT, DETECTIVE S. CRAIG, DETECTIVE M. REGAN, PATROLMAN ROBERT FENIMORE, SGT. R. SULLIVAN, DETECTIVE MARC CARNIVALE, AGENT TODD FISCHER, PATROLMAN HRESO, PATROLMAN WORRELL, DETECTIVE TIM HORNE, and JOHN/JANE DOE NOS. 1 through 10 were acting in the course and scope of their employment and were acting under color of New York State law.

29.     This is an action under Bivens v. Six Unknown Named Agents of Federal Burea of Narcotics, 403 U.S. 388 (1971), 42 U.S.C. §§ 1983, 1985 and 1988 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2, to redress Defendants' intentional and malicious acts against Plaintiff, including false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress and conspiracy, all under the

color of state law and all in violation of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, Article 1, Paragraph 7 of the New Jersey Constitution, and the common law of the state of New Jersey.  The claims in this Complaint stem from the defendants' failure to investigate exculpatory evidence and/or false discrediting of exculpatory evidence that resulted in Mr. Smith being incarcerated in the Burlington County Detention Center's dilapidated conditions for more than two (2) years pending trial.  Notably, in the arrest warrant drafted by the above-mentioned Defendants, another man was identified through his pedigree information, yet all the Defendants in this action willfully ignored this evidence, arrested Plaintiff and maliciously prosecuted him for two years before the BURLINGTON COUNTY PROSECUTOR'S OFFICE moved to dismiss the action on September 27, 2016.  See Exhibit A: Unredacted probable cause statement dated September 3, 2014; see Exhibit B: Plaintiff's pedigree request to the Burlington County Detention Center dated March 10, 2016.[12]

30.     This Court has jurisdiction over the Federal claims pursuant to 28 U.S.C. § 1331 and over the related state law clams pursuant to 28 U.S.C. § 1367.

31.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the USA, this District, and more particularly in the County of Burlington.

## **NOTICE OF CLAIM**

32.     A written Notice of Claim was filed with the USA, BURLINGTON COUNTY, THE STATE OF NEW JERSEY AND BURLINGTON TOWNSHIP on or about December 22, 2016.  More than six months have elapsed since the filing of said Notices of Claim and these matters have not been settled or otherwise resolved.

---

[1] The Court should note that during the production of discovery, the BURLINGTON COUNTY PROSECUTOR'S OFFICE turned over a redacted Probable Cause Statement and Search Warrant that hid the pedigree information of an entirely different man named Kevin Smith.  See Exhibit C.

[2] Most disturbingly, upon information and belief, the BURLINGTON COUNTY PROSECUTOR'S OFFICE offered Mr. SMITH time served on September 27, 2016, so as to save face instead of freeing an innocent man.

## JURY DEMAND

33.     Plaintiff hereby demands trial by jury of all issues raised in this Complaint.

## OVERVIEW

34.     This case arises from the false arrest, wrongful imprisonment and malicious prosecution of KEVIN SMITH beginning on September 5, 2014.

35.     By of background, on September 11, 2013, at proximately 1:27PM, three men committed a home invasion of a residence located at 31 Larkin road in Burlington Township, New Jersey.

36.     During the commission of the crime, the occupants of the home were beaten and robbed.  The women in the house were sexually assaulted.  The assailant that sexually assaulted the women ejaculated in one victim's mouth and left DNA evidence on the victim's shirt.  The crime scene unit gathered forensic evidence at the scene and rape kits were conducted on both women.

37.     Based upon a DNA profile that emanated from evidence found at the scene, Michael Robinson was arrested.[3]  Adriane Williams was also arrested with Mr. Robinson as a result of this investigation.

38.     Based upon Ms. Williams' phone records, a C.P. Clear search was run and produced an individual named Kevin Smith, with a cell phone number 917.370.3914.  A search warrant was authorized to obtain the subscriber records and cell sites.

39.     Additionally, the Clear search produced the pedigree information of this individual named Kevin Smith:  DOB 7/18/1968, SSN 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, NYSID 07145585L, FBI 881381PA1.  See Exhibit A.

40.     On the basis of this information, the individual named KEVIN SMITH, who is the subject of this indictment was arrested on September 5, 2014.

41.     Mr. SMITH's pedigree information is as follows: DOB 8/16/1971, SSN 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, NYSID 71454592O, FBI # 909642HA3.  See Exhibit B.

---

[3] Upon information and belief, the State failed to take a DNA sample from Michael Robinson so that its laboratory could confirm that the DNA found at the scene matched Robinson's.  "CODIS hits" must be confirmed in accordance with accredited forensic laboratory standards.  "CODIS hits" are merely used to investigate.

42.     During the pendency of the litigation, which lasted over 2 years, Mr. Smith was steadfast in his innocence, even when offered time served right before the State dismissed the case.   Significantly, Mr. SMITH was incarcerated the entire time in the Burlington County Detention Center.

43.     On numerous occasions Mr. SMITH requested the cell phone records and subscriber information that formed the basis of his arrest to no avail.   In fact, the BURLINGTON COUNTY PROSECUTOR'S OFFICE alleged that they were not in possession of these records even when faced with the fact that the arrest warrant and search warrant was filed from the same office.  These records were used to obtain probable cause to arrest and search Mr. SMITH'S property.

44.     After two years of prosecution, the BURLINGTON COUNTY PROSECUTOR'S OFFICE dismissed all of the charges filed against Mr. SMITH on September 27, 2016.

45.     During the two years he was incarcerated waiting for trial, Mr. SMITH was forced to live in the filth and squalor that has been documented within the Burlington County Detention Center.

## FACTUAL BACKGROUND

46.     On September 11, 2013, members of the BURLINGTON TOWNSHIP POLICE DEPARTMENT were informed that a home invasion and assault occurred at 31 Larkin Road in the vicinity of Burlington Township.  A male and two females were observed outside of the vicinity of 31 Larkin Road.  The male appeared to have been beaten.  See Exhibit C.

47.     The male informed police that three similarly dressed men entered 31 Larkin Road and physically assaulted him.  He was pulled down into his basement and pistol-whipped, as the subjects were asking about money.  Once the perpetrators left, the male left his home, went to the neighbors and called police.  See Exhibit C.

48.     PTL. FENIMORE, HRESCO and DET. ENT entered the residence.  Based upon the condition of the home and amount of blood evidence at the scene, the BURLINGTON COUNTY PROSECUTOR'S OFFICE Evidence Management Unit was called to the scene.  See Exhibit C.

49.     During the initial investigation of the scene, one of the female victims informed the officers that

she was sexually assaulted.  Based upon that information, officers had this victim transported to Lourdes Hospital in Willingboro so that a rape kit could be conducted.  This victim informed the DEFENDANTS that seminal fluid was on her clothing.  Notably, after all DNA testing was conducted, Mr. SMITH's profile did not match the DNA found from the rape kit. See Exhibit C.

50.     Another female victim provided a statement.  She described the man who committed the sexual assault as tall with a North Jersey style accent.   The man had dreadlocks that were wrapped up in a Rastafarian style hair wrap.  She alleged that the other two men had shorter hair, one with facial hair and one without.  All the men were wearing black khaki pants.  She did not recognize any of the men.  See Exhibit C.[4]

51.     Both female victims stated that the man with the dreadlocks was the suspect who sexually assaulted them.  See Exhibit C; see Exhibit D – Statement of Sheron Wilson dated September 11, 2013. While the male was beaten, he was able to see the three perpetrators.  He told the DEFENDANTS that he did not know the men that assaulted him. See Exhibit C.

52.     DEFENDANTS CRAIG and CARNIVALE interviewed a witness at the scene; Jeffery Grandin, an employee of the U.S. Postal Service.  Grandin observed a newer model Hyundai Elantra, with a New York license plate parked in front of 31 Larkin Road.  See Exhibit C.

53.     On April 22, 2014, after several items were submitted to the New Jersey Office of Forensic Sciences,  Mr. SMITH was not identified as a DNA contributor.  Michael Robinson was identified as a DNA contributor to one of the samples found at the scene through a search of CODIS.  On July 23, 2014, a warrant was issued for the arrest of Michael Robinson for Kidnapping, Robbery, Burglary, Aggravated Assault, Unlawful Possession of a Weapon, Possession of a Weapon for Unlawful Purposes, Certain Person not to Possess a Weapon, Conspiracy to Commit Aggravated Sexual Assault.  See Exhibit C.

54.     On August 1, 2014, MARSHAL GORLIN of the UNITED STATES MARSHALS Service

---

[4] Interestingly, the subject with the dreadlocks approached the third female victim immediately prior to the attack and asked her if she was the male victim's girlfriend; she was.  The perpetrators also were aware that the victims often stayed at an alternative residence.  The DEFENDANTS appear to ignore the fact that the perpetrators knew the victims altogether during their investigation, yet the victims never identified Mr. SMITH.  See Exhibit C.

informed DET. HAGEMAN that the most frequent caller of Mr. Robinson's cell phone was a number belonging to Adriane Williams.  Through MARSHAL GORLIN's investigation, Ms. Williams showed several connections to Mr. Robinson.  Further, the description of the mailman that was in the vicinity of 31 Larkin Road matched Williams.  See Exhibit C.

55.    On August 5, 2014, Burlington County Superior Court Judge Claypoole issued a search warrant for Michael Robinson's and Adriane Williams phone records.  MARSHAL GORLIN reviewed these records and determined that several calls to and from Williams' phone at the time of the crime related back to number (917)370-3914.  He found this to be the same with Robinson's phone as well. See Exhibit C.

56.    **MARSHAL GORLIN checked cellphone number (917)370-3914 with the database C.P. Clear and found that it came back to an individual named Kevin Smith with the following pedigree information: DOB July 18, 1968, SSN 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, FBI # 881381PA1, and NYSID 07145585L.  Judge Claypoole issued another warrant for cellphone records and cell sites for the number (917)370-3914. MARSHAL GORLIN reviewed these records and confirmed that this cell phone was in the vicinity of 31 Larkin Road at the time of the crime.** See Exhibit C.  Significantly, MARSHAL GORLIN informed the DEFENDANTS that the above-referenced phone number was serviced by New Cingular Wireless Communications, which, apparently, is a subscription-based cell phone service, not a prepaid cell phone service. See Exhibit C.[5]

57.    **The DEFENDANTS then searched the name Kevin Smith on Facebook instead of using the pedigree information provided for by MARSHAL GORLIN.**  DEFENDANTS then determined that Mr. SMITH'S current city and hometown is Brooklyn, NY based upon their review of his Facebook page. Astoundingly, DEFENDANTS also concluded that Mr. SMITH matched a sketch drawn by State Trooper Theckson.  On the basis of this faulty probable cause, Judge Claypoole issued warrants for probable cause and to search Mr. SMITH's property.  See Exhibit C.  On September 5, 2014, Mr. SMITH was arrested at his

---

[5] Subscription-based cell phone services require the subscriber to provide personal information, including a social security number and date of birth.

residence in Brooklyn, NY.

58.     At some point after Adriane Williams was arrested, she identified Mr. SMITH through **a single photo identification and, essentially, a show up at the Burlington Township Police Department**.[6]  See Exhibit E – Adriane Williams statement to DEFENDANTS on March 13, 2015.  Notably, Mr. SMITH's co-defendant, Michael Robinson, was willing to testify that he had never met Mr. SMITH in his life until both men were incarcerated in BURLINGTON COUNTY DETENTION CENTER. See Exhibit F – Defendant's Motion in Limine dated July 14, 2016.

59.     On February 29, 2016, while incarcerated at the BURLINGTON COUNTY DETENTION CENTER, Mr. SMITH requested his date of birth, social security number, FBI number and New York State Identification Number.   On March 10, 2016, the BURLINGTON COUNTY DETENTION CENTER provided the following pedigree information: DOB August 16, 1971, SSN 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, FBI # 909642HA3, NYSID 7145459O.  See Exhibit B.

60.     As Mr. SMITH's criminal proceedings advanced, the DEFENDANTs failed to provide Mr. SMITH with any of the subscriber records that were the basis of his arrest and prosecution.  See Exhibit F – Defendant's Motion in Limine dated July 14, 2016.  When those records were requested, the BURLINGTON COUNTY PROSECUTOR's OFFICE represented to the trial court that the State never had possession of those records and only requested them after Mr. SMITH demanded them.  See Exhibit G – The State's Opposition to Defendant's Motion in Limine and Severance.  DEFENDANTS' representation in this motion was in bad faith and preposterous considering that warrants for Probable Cause to Arrest and to search stem from these records.

61.     Finally, based upon the DEFENDANTS' complete failure to investigate and lack of probable cause to continue to prosecute Mr. SMITH, the State, by way of the DEFENDANTS, moved to dismiss all of

---

[6] Significantly, the DEFENDANTs in this case utterly failed to follow the procedures for identification.  Erroneous identification is the largest cause of wrongful convictions in the United States.  DEFENDANTs made no effort to confirm that Williams knew Mr. SMITH until well after Williams was facing an extraordinary amount of prison time.

the charges against Mr. SMITH on September 27, 2016.  See Exhibit H.

62.    Mr. SMITH was incarcerated for over 2 years waiting for his vindication in the filth and inhumane conditions at the BURLINGTON COUNTY DETENTION CENTER.

**FIRST COUNT**
**CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF**
**MR. SMITH'S FOURTH AND FOURTEENTH AMENDMENT**
**RIGHTS BASED UPON FALSE ARREST AND FALSE IMPRISONMENT**
**(Against Marshal Gorlin, Det. Denelsbeck, Det. Roberson, Det. Wiltsey, Det. Sperry, Det. Kohler, Det. Cordoma, Det. Hageman, Det. Brintzinghoffer, Det. Ent, Det. Craig, Det. Regan, Patr. Fenimore, Patr. Hreso, Sgt. Sullivan, Det. Carnivale, Agent Fischer, Ptrl Worrell, Det. Horne, and John/Jane doe NOS. 1 THROUGH 10)**

63.    The allegations in paragraphs 1 through 62 of the complaint are repeated and re-alleged as if fully set forth herein.

64.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, and John/Jane doe NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, each actively participated in, directed and/or knew of, and acquiesced in the false arrest and imprisonment of Mr. SMITH on September 5, 2014 to September 27, 2016, as detailed in this Complaint.

65.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under the color of federal and state law, falsely arrested and imprisoned Mr. SMITH on September 5, 2014 for three counts of Kidnapping, Aggravated Assault, two counts of Aggravated Sexual Assault, Robbery, Burglary, Possession of a Weapon for Unlawful Purpose, Unlawful Possession of a Weapon, and Certain Person Not to Possess a

Weapon based upon the aforementioned DEFENDANTS failure to investigate a man named Kevin Smith with the pedigree information listed in Paragraph 39 and in the face of contradictory evidence in the form a forensics evidence and witness statements that do not identify Mr. SMITH, as detailed in this Complaint.

66.     MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under the color of federal and state law, falsely arrested and imprisoned Mr. SMITH on September 5, 2014 for three counts of Kidnapping, Aggravated Assault, two counts of Aggravated Sexual Assault, Robbery, Burglary, Possession of a Weapon for Unlawful Purpose, Unlawful Possession of a Weapon, and Certain Person Not to Possess a Weapon without probable cause to believe Mr. SMITH had committed the offenses listed or any other offense and, in fact, despite knowing that Mr. SMITH was not the user of the cell phone connected to number (917)370-3914 and, therefore, was not in the vicinity of 31 Larkin Road at the time of the crimes alleged in his criminal prosecution, as detailed in this Complaint.

67.     Mr. SMITH suffered the deprivation of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments as a result of his improper arrest and detention on September 5, 2014 until September 27, 2016, as detailed in this Complaint.

68.     The false arrest and imprisonment of Mr. SMITH was based solely on the actions of the DEFENDANTS, wherein they completely ignored the pedigree information provided by Det. Gorlin and wrongfully arrested Mr. SMITH, as set forth in this Complaint, violated his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

69.     As a direct and proximate result of the violation of Mr. SMITH'S Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures as alleged in this Complaint, Mr. SMITH

has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE,** Plaintiff, Kevin Smith, demands judgment, pursuant to 42 U.S.C. 1983, against DEFENDANTS MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 on the First Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, cost of suit, and such other and further relief as the Court deems Equitable and just.

## <u>SECOND COUNT</u>
**CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF MR. SMITH'S FOURTH AND FOURTEENTH AMENDMENTRIGHTS BASED UPON MALICIOUS PROSECUTION**
(**Against Marshal Gorlin, Det. Denelsbeck, Det. Roberson, Det. Wiltsey, Det. Sperry, Det. Kohler, Det. Cordoma, Det. Hageman, Det. Brintzinghoffer, Det. Ent, Det. Craig, Det. Regan, Patr. Fenimore, Patr. Hreso, Sgt. Sullivan, Det. Carnivale, Agent Fischer, Ptrl Worrell, Det. Horne, and John/Jane doe NOS. 1 THROUGH 10**)

70.     The allegations in paragraphs 1 through 69 of the complaint are repeated and re-alleged as if fully set forth herein.

71.     MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under the color of federal and state law, each actively participated in, directed and/or knew of and acquiesced in the malicious prosecution of Mr. SMITH, which began on September 5, 2014 and continued until September 27, 2016, as detailed in this complaint.

72.     From the outset of the criminal investigation and continuing to September 27, 2016, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER,

DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under the color of federal and state law, maliciously prosecuted Mr. SMITH for Kidnapping, Aggravated Assault, two counts of Aggravated Sexual Assault, Robbery, Burglary, Possession of a Weapon for Unlawful Purpose, Unlawful Possession of a Weapon, and Certain Person Not to Possess a Weapon without conducting any meaningful investigation of the Kevin Smith who's pedigree information was provided to DEFENDANTS by Det. Gorlin, as detailed in this Complaint.

73.     Beginning on September 5, 2014 and continuing to September 27, 2016, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under the color of federal and state law, maliciously prosecuted Mr. SMITH for Kidnapping, Aggravated Assault, two counts of Aggravated Sexual Assault, Robbery, Burglary, Possession of a Weapon for Unlawful Purpose, Unlawful Possession of a Weapon, and Certain Person Not to Possess a Weapon without probable cause to believe he had committed those or any other offense and, indeed, despite knowing that he was never in the vicinity of 31 Larkin Road at the time of the crimes alleged, as detailed in this Complaint.

74.     Beginning on September 5, 2014 and continuing to September 27, 2016, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal

capacities and by their own individual acts, and at all times under the color of federal and state law, maliciously prosecuted Mr. SMITH for Kidnapping, Aggravated Assault, two counts of Aggravated Sexual Assault, Robbery, Burglary, Possession of a Weapon for Unlawful Purpose, Unlawful Possession of a Weapon, and Certain Person Not to Possess a Weapon without probable cause and with actual malice, acting knowingly, recklessly and/or with gross negligence, as detailed in this Complaint.

75.     On the basis of a Probable Statement issued on September 3, 2014 and Mr. SMITH's arrest on September 5, 2014, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under the color of federal and state law, initiated a criminal proceeding against Mr. SMITH without probable cause. Significantly, DET. ENT testified during the Grand Jury proceedings and as a result Mr. SMITH was indicted.

76.     Mr. SMITH's prosecution for all the crimes alleged was terminated in his favor when the BURLINGTON COUNTY PROSECUTOR'S OFFICE moved to dismiss the indictment and all charges against him, as detailed in this Complaint.

77.     Mr. SMITH suffered multiple deprivations of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments beginning on September 5, 2014 and continuing thereafter, including his unlawful detention from September 5, 2014 until September 27, 2016, as detailed in this Complaint.

78.     The malicious prosecution of Mr. Smith for the aforementioned charges in the face of clear evidence of his innocence, as set forth in this Complaint, violated his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

79.  As a direct and proximate result of the violation of his Fourth and Fourteenth Amendment right to

be free from unreasonable searches and seizures as alleged in this Complaint, Mr. SMITH has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE,** Plaintiff, Kevin Smith, demands judgment, pursuant to 42 U.S.C. 1983, against DEFENDANTS MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 on the Second Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, cost of suit, and such other and further relief as the Court deems Equitable and just.

## THIRD COUNT

### CLAIM UNDER 42 U.S.C. § 1983 FOR SUPERVISORY LIABILITY
### (Against Jane/John Does 1 through 10)

80.     The allegations in paragraphs 1 through 79 of the complaint are repeated and re-alleged as if fully set forth herein.

81.     The investigative supervisor in the UNITED STATES MARSHAL SERVICE, the chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does 1 through 10, were, on September 5, 2014 and at all other times relevant to this Complaint, supervisors of MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10.

82.     As set forth in this Complaint, the investigative supervisor of the UNITED STATES

MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT

and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE,

Jane/John Does 1 through 10 personally participated in the violation of SMITH's constitutional and

common-law rights, directed and/or encouraged their subordinates to violate SMITH's constitutional and

common-law rights, and/or had knowledge of and acquiesced in their subordinates' violations of SMITH's

constitutional and common-law rights.

83.     Further, the investigative supervisor in the UNITED STATES MARSHALS SERVICE,

chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative

supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does 1 through

10, knowingly failed to take actions within their supervisory authority and responsibility that would have

prevented the violation of SMITH's rights, as set forth in this Complaint.

84.     The wrongful failure of the investigative supervisor of the UNITED STATES MARSHALS

SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other

investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does

1 through 10, to supervise their subordinate officers involved reckless, callous and deliberate indifference to

SMITH's federally protected rights, including his Fourth and Fourteenth Amendment right to be free from

unreasonable searches and seizures.

85.     The violation of Mr. SMITH's rights, including those under the Fourth and

Fourteenth Amendments to the United States Constitution, and the damage he has suffered as a

result of those violations, were directly and proximately caused by the participation, direction,

encouragement and/or knowledge and acquiescence of the supervisor in the UNITED STATES

MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE

DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY

PROSECUTOR'S OFFICE, Jane/John Does 1 through 10, as set forth above.

86.     As a direct and proximate result of the violation of his rights as alleged in this

Complaint, Mr. SMITH has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment, pursuant to 42 U.S.C. § 1983, against Defendants the investigative supervisor in the UNITED STATES MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does 1 through 10, on the Third Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other and further relief as the Court deems equitable and just.

## FOURTH COUNT

### CLAIM UNDER 42 U.S.C. § 1983 FOR MUNICIPAL LIABILITY
**(Against USA, Burlington County, Burlington Township, United States Marshals Service, Burlington Township Police Department, and Burlington County Prosecutor's Office)**

87.     The allegations in paragraphs 1 through 86 of the complaint are repeated and re-alleged as if fully set forth herein.

88.     Jane/John Does 1 through 10 are and at all times relevant to this Complaint were decision-makers for the USA , BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, with final authority to establish county and municipal policy regarding police conduct and actions, and their edicts and acts represent and represented the official policy of the USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE.  Jane/John Does 1 through 10, as decision-makers with final authority to establish municipal policy for the USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP,

UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, authorized official policies that led to or caused the violations of Mr. SMITH's rights and/or permitted practices that were so permanent and well settled as to establish acquiescence in the violation of his rights.

89.     At all times relevant to this Complaint, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through JANE/JOHN DOES 1 through 10, in their capacities as decision-makers with final authority to establish municipal policy for the USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICES, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, had in effect express, official policies, as well as practices and customs, that were the direct and proximate cause of the violations of SMITH's constitutional and civil rights as detailed in this Complaint.

90.     One such express, official policy, which was promulgated at some point prior to September 5, 2014, on the date of Mr. SMITH's arrest, and was at all times presided over by JANE/JOHN DOES 1 through 10, was to violate the constitutional and civil rights of those persons, like SMITH by subjecting them to unlawful acts such as false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, harassment, intimidation, and other violations of due process and fundamental fairness, all contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New Jersey common law.  This express, official policy also included the routine manufacture of false evidence, including false identifications and Grand Jury testimony, to create the appearance of probable cause warranting the arrest of individuals singled out for such mistreatment—and was contrary to the provisions of 42 U.S.C. §§ 1983 and 1985, and New Jersey

21

common law.

91.     At or around the time of SMITH's arrest on September 5, 2014, JANE/JOHN DOES 1 through 10 also promulgated and presided over an express, official policy directed specifically at SMITH and the September 5, 2014 arrest that was a direct and proximate cause of the violations of his constitutional and civil rights. That express, official policy was to take whatever steps necessary—including making knowingly false statements, suggestively identifying subjects, rejecting contrary evidence that was exculpatory and readily available, and attempting to coerce favorable testimony—to prosecute SMITH for a crime he did not commit, which resulted in the violation of his constitutional and civil rights. That policy was effectuated through the actions described above and was directly contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New Jersey common law.

92.     Moreover, at some point prior to September 5, 2014, it became the continuing, persistent, common custom of USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through JANE/JOHN DOES 1 through 10 to violate the constitutional and civil rights of those persons by subjecting them to unlawful acts such as false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, harassment, intimidation, and other violations of due process and fundamental fairness by way of failing to properly investigate cases, all contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New Jersey common law.

93.     As of September 5, 2014, that custom was so well-settled and widespread that the USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICES, BURLINGTON TOWNSHIP POLICE DEPARTMENT,

22

BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through JANE/JOHN DOES 1 through 10, had actual or constructive knowledge of it. Despite that actual or constructive knowledge, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through JANE/JOHN DOES 1 through 10, tolerated, condoned, displayed deliberate indifference to and tacitly authorized that custom.  As a direct and proximate result of their misfeasance and malfeasance in that regard, the custom became the de facto official policy of USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through JANE/JOHN DOES 1 through 10.

94.   In addition, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through JANE/JOHN DOES 1 through 10, had a duty to train and supervise the conduct of its personnel and, among other things, to prevent such persons from violating the constitutional and civil rights of SMITH and others.  BURLINGTON COUNTY, BURLINGTON TOWNSHIP, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through JANE/JOHN DOES 1 through 10, knowingly, intentionally, recklessly and/or negligently breached their duty to train and supervise the investigators from the BURLINGTON TOWNSHIP POLICE DEPARTMENT and BURLINGTON COUNTY PROSECUTOR'S OFFICE, all of whom were under their control, resulting in the deprivation of SMITH's constitutional and civil rights, as set forth above.

95.   USA's, BURLINGTON COUNTY's AND BURLINGTON TOWNSHIP'S

training policy was inadequate in that it failed to properly educate the members of the UNITED

STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT and

BURLINGTON COUNTY PROSECUTOR'S OFFICE with respect to constitutionally-mandated

procedures for procuring and effectuating arrests, imprisoning suspects, initiating prosecutions, and

otherwise performing their law-enforcement functions.  That training policy was so deficient as to

reflect deliberate indifference on the part of USA, BURLINGTON COUNTY, BURLINGTON

TOWNSHIP, UNITED STATES MARSHALS SERVICES, BURLINGTON TOWNSHIP

POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE,

BURLINGTON COUNTY DETENTION CENTER, acting by and through JANE/JOHN

DOES 1 through 10, to the constitutional and civil rights of persons, including SMITH, with

whom the members of the UNITED STATES MARSHALS SERVICE, BURLINGTON

TOWNSHIP POLICE DEPARTMENT and BURLINGTON COUNTY PROSECUTOR'S

OFFICE came into contact, contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New

Jersey common law.

      96.    Prior to September 5, 2014 and through September 27, 2016, MARSHAL GORLIN,

DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER,

DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET.

CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET.

CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE

DOE NOS. 1 THROUGH 10, and other members of the UNITED STATES MARSHALS,

SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT and BURLINGTON

COUNTY PROSECUTOR'S OFFICE, engaged in a pattern and practice of constitutional and civil

violations, including false arrest, false imprisonment, malicious prosecution, intentional infliction of

emotional distress, harassment, intimidation, and other violations of due process and fundamental

fairness. That pattern of constitutional and civil violations was so stark that the need to further train the members of the UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT and BURLINGTON COUNTY PROSECUTOR'S OFFICE and the need for better recruitment, supervision, and discipline of these police officers was or should have been obvious to USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through JANE/JOHN DOES 1 through 10, demonstrated deliberate indifference to those needs by failing to improve the training, recruitment, supervision, and discipline of its police officers.

97.    USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARHSALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through JANE/JOHN DOES 1 through 10, maintained and implemented the above-described policies, practices, and customs with deliberate indifference to the rights of SMITH and others. Those policies and customs were a direct and proximate cause of the violations of SMITH's constitutional and civil rights as set forth in this Complaint.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment, pursuant to 42 U.S.C. § 1983, against Defendants USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through JANE/JOHN DOES 1 through 10, on the Fourth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such

other and further relief as the Court deems equitable and just.

### FIFTH COUNT
### CONSPIRACY UNDER 42 U.S.C. § 1985
### (Against all DEFENDANTS)

98.     The allegations in paragraphs 1 through 97 of the complaint are repeated and re-alleged as if fully set forth herein.

99.     MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through its employees and agents named as DEFENDANTS, conspired between and among themselves from the outset of this investigation and continuing until Mr. SMITH's release on September 27, 2016, to violate SMITH's constitutional and civil rights by engaging in the conduct described in this Complaint. Specifically, DEFENDANTS agreed between and among themselves to falsely arrest and imprison and maliciously prosecute SMITH to cause him significant harm.

100.     MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities

and by their own individual acts, and at all times under color of state law, together with USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through its employees and agents named as DEFENDANTS, entered into a conspiracy between and among themselves whereby they agreed to falsely arrest and imprison and maliciously prosecute SMITH for the above-referenced crimes despite knowing that he had not committed that or any other crime.

101.    In furtherance of that conspiracy, and in order to inflict an unconstitutional injury on SMITH, DEFENDANTS engaged in the acts outlined in this Complaint, all of which constitute overt acts in furtherance of the conspiracy.

102.    The conspiracy to falsely arrest and imprison SMITH and to maliciously prosecute him, as set forth in this Complaint, violated his Fourth and Fourteenth right to be free from unreasonable searches and seizures.

103.    As a direct and proximate result of the violation of Plaintiff's Fourth and Fourteenth Amendment rights as alleged in this Complaint, he has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment, pursuant to 42 U.S.C. § 1985, against all named DEFENDANTS on the Fifth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other and further relief as the Court deems equitable and just.

### SIXTH COUNT
**CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR VIOLATION OF SMITH'S RIGHTS UNDER THE FOURTH AND**

27

## FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION BASED ON FALSE ARREST AND FALSE IMPRISONMENT
(Against Marshal Gorlin, Det. Denelsbeck, Det. Roberson, Det. Wiltsey, Det. Sperry, Det. Kohler, Det. Cordoma, Det. Hageman, Det. Brintzinghoffer, Det. Ent, Det. Craig, Det. Regan, Patr. Fenimore, Patr. Hreso, Sgt. Sullivan, Det. Carnivale, Agent Fischer, Ptrl Worrell, Det. Horne, and John/Jane doe NOS. 1 THROUGH 10)

104.    The allegations in paragraphs 1 through 103 of the complaint are repeated and re-alleged as if fully set forth herein.

105.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, each actively participated in, directed, and/or knew of and acquiesced in the false arrest and imprisonment of SMITH on September 5, 2014, as detailed in this Complaint.

106.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned SMITH on September 5, 2014 for the aforementioned crimes based on knowingly faulty information provided by MARSHAL GORLIN in the probable cause statement and search warrant, without conducting any meaningful investigation and in the face of irrefutable contradictory evidence

28

in the form of pedigree information and witness statements, as detailed in this Complaint.

107.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned SMITH on September 5, 2014 for the aforementioned crimes without probable cause to believe he had committed that or any other offense and, in fact, despite knowing that he was not the person identified by MARSHAL GORLIN in the Clear search, as detailed in this Complaint.

108.    SMITH suffered the deprivation of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution as a result of his improper arrest and detention from September 5, 2014 to September 27, 2016, as detailed in this Complaint.

109.    The false arrest and imprisonment of SMITH based solely on the false identification of SMITH by DEFENDANTS and in the face of clear evidence that he was not in the vicinity of 31 Larkin Road at the time of the crimes alleged, as set forth in this Complaint, violated, deprived SMITH of and/or interfered, by threats, intimidation or coercion, with his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution, and thus violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

110.    As a direct and proximate result of the violation of, deprivation of and/or interference with his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution to be free from unreasonable

searches and seizures as alleged in this Complaint, SMITH has suffered and will continue to suffer severe and permanent damages.

WHEREFORE, Plaintiff, KEVIN SMITH, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 on the Sixth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

<u>**SEVENTH COUNT**</u>
**CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR VIOLATION OF SMITH'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION
BASED ON MALICIOUS PROSECUTION**
**(Against Marshal Grolin, Det. Denelsbeck, Det. Roberson, Det. Wiltsey, Det. Sperry, Det. Kohler, Det. Cordoma, Det. Hageman, Det. Brintzinghoffer, Det. Ent, Det. Craig, Det. Regan, Patr. Fenimore, Patr. Hreso, Sgt. Sullivan, Det. Carnivale, Agent Fischer, Ptrl Worrell, Det. Horne, and John/Jane doe NOS. 1 THROUGH 10)**

111.    The allegations in paragraphs 1 through 110 of the complaint are repeated and re-alleged as if fully set forth herein.

112.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their

30

personal capacities and by their own individual acts, and at all times under color of state law, each actively participated in, directed and/or knew of and acquiesced in the malicious prosecution of SMITH, which began on September 5, 2014 and continued thereafter, as detailed in this Complaint.

113. Beginning on September 5, 2014 and continuing thereafter, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, maliciously prosecuted SMITH for the aforementioned crimes based on knowingly false identification by DEFENDANTS, without conducting any meaningful investigation and in the face of contradictory evidence in the form of witness statements and pedigree information identifying another man, as detailed in this Complaint.

114. Beginning on September 5, 2014 and continuing thereafter, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted SMITH for the aforementioned crimes without probable cause to believe he had committed that or any other offense and, in fact, despite knowing that he was not in the vicinity of 31 Larkin Road on September 11, 2013, as detailed in this Complaint.

31

115.     Beginning on September 5, 2014 and continuing thereafter, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted SMITH for the aforementioned crimes without probable cause and with actual malice, acting knowingly, recklessly and/or with gross negligence, and with the patently improper motive of harassing and abusing Mr. SMITH, as detailed in this Complaint.

116.     On September 5, 2015 through September 27, 2016, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, initiated a criminal proceeding against SMITH without probable cause by issuing the criminal complaint charging him with various serious offenses and eventually securing an indictment against Mr. SMITH, as detailed in this Complaint.

117.     SMITH's prosecution on the aforementioned charges was terminated in his favor when the BURLINGTON COUNTY PROSECUTOR'S OFFICE dismissed the charges, as detailed in this Complaint.

118.     SMITH suffered multiple deprivations of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments to the United States

Constitution and Article 1, Paragraph 7 of the New Jersey Constitution beginning on September 5, 2014 and continuing thereafter, including his unlawful detention from September 5, 2014 until September 27, 2014, as detailed in this Complaint.

119.    The malicious prosecution of SMITH in the face of clear evidence that he was not the man named Kevin Smith that MARSHAL GORLIN provided pedigree information with regard to, as set forth in this Complaint, violated, deprived him of, and/or interfered, by threats, intimidation or coercion, with his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution, and thus violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

120.    As a direct and proximate result of the violation of, deprivation of and/or interference with his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution to be free from unreasonable searches and seizures as alleged in this Complaint, SMITH has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 on the Seventh Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

## EIGHTH COUNT
## CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1
## to 10:6-2, FOR SUPERVISORY LIABILITY
### (Against Jane/John Does 1 through 10)

121.    The allegations in paragraphs 1 through 120 of the complaint are repeated and re-alleged as if fully set forth herein.

122.    The investigative supervisor of the UNITED STATES MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does 1 through 10, were on September 5, 2014 and at all other times relevant to this Complaint, supervisors of MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10.

123.    As set forth in this Complaint, the investigative supervisor of the UNITED STATES MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does 1 through 10 personally participated in the violation of SMITH's constitutional and common-law rights, directed and/or encouraged their subordinates to violate SMITH's constitutional and common-law rights, and/or had knowledge of and acquiesced in their subordinates' violations of SMITH's constitutional and common-law rights.

124.    Further, the investigative supervisor of the UNITED STATES MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S

OFFICE, Jane/John Does 1 through 10, knowingly failed to take actions within their supervisory authority and responsibility that would have prevented the violation of SMITH's rights, as set forth in this Complaint.

125.   The wrongful failure of the investigative supervisor of the UNITED STATES MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does 1 through 10, to supervise their subordinate officers involved reckless, callous and deliberate indifference to SMITH's federally protected rights, including his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures.

126.   The violation of Mr. SMITH's rights, including those under the Fourth and Fourteenth Amendments to the United States Constitution, and the damage he has suffered as a result of those violations, were directly and proximately caused by the participation, direction, encouragement and/or knowledge and acquiescence of the investigative supervisor of the UNITED STATES MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S OFFICE, Jane/John Does 1 through 10, as set forth above.

127.   As a direct and proximate result of the violation of his rights as alleged in this Complaint, which violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2, SMITH has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants investigative supervisor of the UNITED STATES MARSHALS SERVICE, chief of police of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and any other investigative supervisor within the BURLINGTON COUNTY PROSECUTOR'S

35

OFFICE, Jane/John Does 1 through 10 on the Eighth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

<u>NINTH COUNT</u>
**CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR MUNICIPAL LIABILITY**
**(Against USA, Burlington County, Burlington Township,**
**United States Marshals Service, Burlington Township Police Department,**
**and Burlington County Prosecutor's Office)**

128.     The allegations in paragraphs 1 through 127 of the complaint are repeated and re-alleged as if fully set forth herein.

129.     Jane/John Does 1 through 10 are and at all times relevant to this Complaint were decision-makers for USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE with final authority to establish municipal policy regarding police conduct and actions, and their edicts and acts represent and represented the official policy of USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARHSALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE.

130.     Jane/John Does 1 through 10 are and at all times relevant to this Complaint were decision-makers for USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE with final authority to establish municipal policy for USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT,

36

BURLINGTON COUNTY PROSECUTOR'S OFFICE, authorized official policies that led to or caused the violation of, deprivation of, and/or interference with SMITH's rights and/or permitted practices that were so permanent and well settled as to establish acquiescence in the violation of SMITH's rights.

131.    As detailed above, at all times relevant to this Complaint, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, acting by and through Jane/John Does 1 through 10, in their capacities as decision- makers with final authority to establish municipal policy regarding police conduct and actions, had in effect express, official policies, as well as practices and customs, that were the direct and proximate cause of the violation of, deprivation of and/or interference with SMITH's constitutional and civil rights as detailed in this Complaint.

132.    As detailed above, Jane/John Does 1 through 10, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE (a) had a duty to train and supervise the conduct of DEFENDANTS' police personnel and, among other things, to prevent such persons from violating the constitutional and civil rights of SMITH and others; and (b) knowingly and intentionally, recklessly or negligently breached their duty to train and supervise the UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT and BURLINGTON COUNTY PROSECUTOR'S OFFICE, all of whom were under their control, resulting in the deprivation of SMITH's constitutional and civil rights, as set forth above.

133.    USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS, SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT,

BURLINGTON COUNTY PROSECUTOR'S OFFICE's training policy was inadequate in that it failed to properly educate the members of the UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT and BURLINGTON COUNTY PROSECUTOR'S OFFICE with respect to constitutionally-mandated procedures for procuring and effectuating arrests, imprisoning suspects, initiating prosecutions and otherwise performing their law-enforcement functions. That training policy was so deficient as to reflect the deliberate indifference of Jane/John Does 1 through 10, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE to the constitutional and civil rights of persons, including SMITH, with whom the members of the BURLINGTON TOWNSHIP POLICE DEPARTMENT and BURLINGTON COUNTY PROSECUTOR'S OFFICE came into contact, contrary to the provisions of the New Jersey Civil Rights Act and New Jersey common law.

134.    Had Jane/John Does 1 through 10, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER maintained and implemented the above-described policies, practices and customs by and through Jane/John Does 1 through 10, USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER with deliberate indifference to the rights of SMITH and others. Those policies and customs were a direct and proximate cause of the violations of SMITH's constitutional and civil rights as set forth in this Complaint, in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

38

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants Jane/John Does 1 through 10, USA,BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER on the Ninth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

**<u>TENTH COUNT</u>**
**CONSPIRACY UNDER THE NEW JERSEY CIVIL RIGHTS ACT,**
**N.J.S.A. 10:6-1 to 10:6-2,**
**(Against All Defendants)**

135.    The allegations in paragraphs 1 through 134 of the complaint are repeated and re-alleged as if fully set forth herein.

136.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, and JOHN/JANE doe NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through its employees and agents named as DEFENDANTS, conspired between and among themselves beginning from the inception of this investigation and prosecution, and continuing thereafter, to violate SMITH's constitutional and civil rights by engaging in the conduct described in

39

this Complaint. Specifically, DEFENDANTS agreed between and among themselves to falsely arrest and imprison and maliciously prosecute SMITH to cause him significant harm.

137.    Beginning on September 5, 2014, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, and JOHN/JANE DOES NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, together with USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through its employees and agents named as DEFENDANTS, entered into a conspiracy between and among themselves whereby they agreed to falsely arrest and imprison and maliciously prosecute SMITH for the aforementioned crimes despite knowing that he had not committed that or any other crime.

138.    In furtherance of that conspiracy, and in order to inflict an unconstitutional injury on SMITH, Defendants engaged in the acts outlined in this Complaint, all of which constitute overt acts in furtherance of the conspiracy.

139.    The conspiracy to falsely arrest, maliciously prosecute and imprison SMITH, as set forth in this Complaint, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution to be free from unreasonable searches and seizures.

140.    As a direct and proximate result of the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New

40

Jersey Constitution as alleged in this Complaint, he has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against all of the DEFENDANTS on the Tenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

**ELEVENTH COUNT**
**FALSE ARREST AND FALSE IMPRISONMENT**
**(Against Marshal Gorlin, Det. Denelsbeck, Det. Roberson, Det. Wiltsey, Det. Sperry, Det. Kohler, Det. Cordoma, Det. Hageman, Det. Brintzinghoffer, Det. Ent, Det. Craig, Det. Regan, Patr. Fenimore, Patr. Hreso, Sgt. Sullivan, Det. Carnivale, Agent Fischer, Ptrl Worrell, Det. Horne, and John/Jane doe NOS. 1 THROUGH 10)**

141.    The allegations in paragraphs 1 through 140 of the complaint are repeated and re-alleged as if fully set forth herein.

142.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, each actively participated in, directed and/or knew of and acquiesced in the arrest and detention of SMITH against his will from September 5, 2014 until September 27, 2016, as detailed in this Complaint.

143.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET.

BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, falsely arrested and imprisoned SMITH from September 5, 2014 until September 27, 2016 for the aforementioned crimes based on a knowingly false identification, without conducting an adequate investigation and in the face of contradictory evidence in the form of witness statements and pedigree information, as detailed in this Complaint.

144.   MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, falsely arrested and imprisoned SMITH from September 4, 2014 until September 27, 2016 for the aforementioned crimes without probable cause to believe he had committed that or any other offense and, in fact, despite knowing that he was not the man identified by MARSHAL GORLIN as the user of the above-reference phone number, as detailed in this Complaint.

145.   MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 lacked proper legal authority or justification to subject SMITH to arrest and detention against his will on September 5, 2014 through

42

September 27, 2016, as detailed in this Complaint.

146.    As a direct and proximate result of his arrest and detention without legal authority or justification, SMITH has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment against Defendants MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 on the Eleventh Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## TWELFTH COUNT
## MALICIOUS PROSECUTION
**(Against Marshal Gorlin, Det. Denelsbeck, Det. Roberson, Det. Wiltsey, Det. Sperry, Det. Kohler, Det. Cordoma, Det. Hageman, Det. Brintzinghoffer, Det. Ent, Det. Craig, Det. Regan, Patr. Fenimore, Patr. Hreso, Sgt. Sullivan, Det. Carnivale, Agent Fischer, Ptrl Worrell, Det. Horne, and John/Jane doe NOS. 1 THROUGH 10)**

147.    The allegations in paragraphs 1 through 146 of the complaint are repeated and re-alleged as if fully set forth herein.

148.    From September 5, 2014 until September 27, 2016, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of

43

federal and state law, maliciously initiated a criminal proceeding against SMITH by issuing a criminal complaint charging him with the above-referenced charges, as detailed in this Complaint.  Mr. SMITH was eventually indicted on the charges within the criminal complaint based upon the testimony of DET. ENT.

149.    As detailed in this Complaint, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, lacked probable cause to believe that SMITH had committed the aforementioned crimes or any other criminal offense. In fact, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 were provided the pedigree information of a man other than SMITH that proved that Mr. SMITH had not committed the offenses with which he was charged or any other criminal offense, as detailed in this Complaint.

150.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, maliciously prosecuted

44

SMITH for the aforementioned offenses without probable cause and with actual malice, acting knowingly, recklessly and/or with gross negligence, and with the patently improper motive of harassing and abusing an individual, as detailed in this Complaint.

151. SMITH's malicious prosecution for the aforementioned crimes was terminated in his favor when the BURLINGTON COUNTY PROSECUTOR'S OFFICE dismissed the charges against him, as detailed in this Complaint.

152. As a direct and proximate result of DEFENDANTS' malicious prosecution of him, SMITH has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment against Defendants MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 on the Twelfth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

THIRTEENTH COUNT
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against Marshal Gorlin, Det. Denelsbeck, Det. Roberson, Det. Wiltsey, Det. Sperry, Det. Kohler, Det. Cordoma, Det. Hageman, Det. Brintzinghoffer, Det. Ent, Det. Craig, Det. Regan, Patr. Fenimore, Patr. Hreso, Sgt. Sullivan, Det. Carnivale, Agent Fischer, Ptrl Worrell, Det. Horne, and John/Jane doe NOS. 1 THROUGH 10)**

153. The allegations in paragraphs 1 through 152 of the complaint are repeated and re-alleged as if fully set forth herein.

45

154.    By falsely arresting, falsely imprisoning, and maliciously prosecuting SMITH as set forth in this Complaint, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, engaged in conduct that is atrocious and utterly intolerable in a civilized community and is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

155.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, falsely arrested, imprisoned and maliciously prosecuted SMITH and engaged in the other misdeeds set forth in this Complaint deliberately and with the intent to cause SMITH significant emotional distress or with deliberate disregard of a high probability that such emotional distress would occur as a direct and proximate result of their actions. M A R S H A L   G O R L I N ,  DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state

46

law, engaged in this conduct with actual malice, acting knowingly, recklessly and/or with gross negligence, and with the patently improper motive of harassing and abusing an individual, as detailed in this Complaint.

156. The acts of MARHSAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 as alleged in this Complaint, which they committed in their personal capacities and by their own individual acts, and at all times under color of federal and state law, proximately caused SMITH emotional distress that is so severe that no reasonable person could be expected to endure it.

157. As a direct and proximate result of the intentional infliction of emotional distress upon him by MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, SMITH has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment against Defendants MARHSAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 on the

47

Thirteenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

**FOURTEENTH COUNT**
**RESPONDEAT SUPERIOR LIABILITY**
**(Against Rahway, Rahway P.D.)**

158.   The allegations in paragraphs 1 through 157 of the complaint are repeated and re-alleged as if fully set forth herein.

159. At all times relevant to this Complaint, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 were all employees of the USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARHSALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER.

160. MARHSAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10 were at all times acting within the scope of their employment and under color of federal and state law when performing the actions set forth in this Complaint.

161.   Accordingly, under the principle of respondeat superior, the USA, BURLINGTON

COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARHSALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE are liable for the false arrest and imprisonment, malicious prosecution, and intentional infliction of emotional distress inflicted on SMITH by MARHSAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment against Defendants USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARHSALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE on the Fourteenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

### FIFTEENTH COUNT
### COMMON-LAW CONSPIRACY
### (Against All Defendants)

162.    The allegations in paragraphs 1 through 161 of the complaint are repeated and re-alleged as if fully set forth herein.

163.    MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, together with the USA,

BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through its employees and agents named as DEFENDANTS, conspired between and among themselves beginning on September 5, 2014 and continuing thereafter to violate SMITH's constitutional and civil rights by engaging in the conduct described in this Complaint. Specifically, Defendants agreed between and among themselves to falsely arrest and imprison, maliciously prosecute, and intentionally inflict emotional distress upon SMITH.

164.  Beginning on September 5, 2014, MARSHAL GORLIN, DET. DENELSBECK, DET. ROBERSON, DET. WILTSEY, DET. SPERRY, DET. KOHLER, DET. CORDOMA, DET. HAGEMAN, DET. BRINTZINGHOFFER, DET. ENT, DET. CRAIG, DET. REGAN, PATR. FENIMORE, PATR. HRESO, SGT. SULLIVAN, DET. CARNIVALE, AGENT FISCHER, PTRL WORRELL, DET. HORNE, AND JOHN/JANE DOE NOS. 1 THROUGH 10, acting in their personal capacities and by their own individual acts, and at all times under color of federal and state law, together with the USA, BURLINGTON COUNTY, BURLINGTON TOWNSHIP, UNITED STATES MARSHALS SERVICE, BURLINGTON TOWNSHIP POLICE DEPARTMENT, BURLINGTON COUNTY PROSECUTOR'S OFFICE, BURLINGTON COUNTY DETENTION CENTER, acting by and through its employees and agents named as DEFENDANTS, entered into a conspiracy between and among themselves whereby they agreed to falsely arrest and imprison and maliciously prosecute SMITH for a litany of serious crimes, and intentionally inflict emotional distress upon him, despite knowing that he had not committed the aforementioned crimes or any other crime.

165.  In furtherance of that conspiracy, and in order to inflict an unconstitutional injury on SMITH, DEFENDANTS engaged in the acts outlined in this Complaint, all of which constitute overt

acts in furtherance of the conspiracy.

166. As a direct and proximate result of the violation of SMITH's rights caused by DEFENDANTS' conspiracy, he has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, KEVIN SMITH, demands judgment against all the DEFENDANTS on the Fifteenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

**WHEREFORE,** PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANTS JOINTLY AND SEVERALLY IN AN AMOUNT TO BE DETERMINED AT TRIAL TOGETHER WITH COSTS, DISBURSEMENTS, ATTORNEYS' FEES AND SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM JUST AND PROPER.

Dated: FOREST HILLS, NY
September 17, 2018

Respectfully Submitted,

JUSTIN C. BONUS, ESQ.

JUSTIN BONUS, ESQ.
Attorney for Plaintiff
118-35 Queens Blvd, Suite 400
Forest Hills, NY 11375
(347) 920-0160
(Counsel to be Noticed)

51

## ATTORNEY'S VERIFICATION

**JUSTIN BONUS**, an attorney duly admitted to practice before the Courts of the United States District Court of the District of New Jersey, affirms the following to be true under the penalties of perjury:

I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiff is because plaintiff is not presently in the county wherein the attorneys maintain their offices.

Dated: FOREST HILLS, N.Y.

September 17, 2018

JUSTIN C. BONUS