

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

CRAIG CARPENITO
UNITED STATES ATTORNEY

*Anne B. Taylor*
*Assistant United States Attorney*

*401 Market Street, 4th Floor*
*P.O. Box 2098*
*Camden, NJ 08101*
Anne.Taylor@usdoj.gov

*Main:  (856) 757-5412*
*Direct: (856) 757-5031*
*Fax:   (856) 757-5416*

February 6, 2019

<u>Via ECF</u>
Honorable Karen M. Williams
United States Magistrate Judge
U.S. District Court, District of New Jersey
4th & Cooper Streets
Camden, NJ 08101

  Re: *Smith v. Burlington County, et al.*
    Civil Action No. 18-5088 (JBS) (KMW)

Dear Judge Williams:

  I am the Assistant United States Attorney authorized to represent Detective Shawn Gorlin, an employee of the New Jersey Division of Criminal Justice who served as a Task Force Officer with the United States Marshals Service during the events at issue in this litigation. I write with regard to ongoing deficiencies with service and, as I understand from a review of the docket, Plaintiff's request that the United States Marshals Service be court-ordered to disclose a service address for Detective Gorlin. For the reasons that follow, I respectfully request that the Court refrain from issuing any such Order.

  Service has not been effected against either the United States of America or, as the Court is aware, Detective Gorlin. Pursuant to Fed. R. Civ. P. 4(i)(3), a plaintiff suing a federal employee in his individual capacity must both serve the individual employee under Rule 4(e), (f), or (g), and serve the United States under Rule 4(i)(1). In this case, although the returns of service filed by Plaintiff state that the summons and complaint have been served on the United States Marshals Service and the Attorney General, *see, e.g.*, ECF No. 14, those documents do not recite – and this Office has no reason to believe – that the summons and complaint have been served the U.S. Attorney's Office for the District of New Jersey, as required by Rule 4(i)(1).

  With regard to Detective Gorlin, Plaintiff was specifically advised by the United States Marshals Service that Detective Gorlin previously served as a Task Force Officer, and was not employed by the United States Marshals Service but, instead, employed by the State of New Jersey. *See* Return of Service, ECF No. 22-2, PageID 529. There is no indication that Plaintiff has made any effort to serve

Hon. Karen M. Williams, U.S.M.J.
February 5, 2019
Page 2

Detective Gorlin at his present employer.  However, and to expedite this process, Detective Gorlin has permitted me to accept service for him.

      I also respectfully note that, once Plaintiff completes service in accordance with Fed. R. Civ. P. 4(i)(1)-(3), defendants will have sixty days from the date of service on the United States Attorney's Office to answer or otherwise respond to the complaint.  *See* Fed. R. Civ. P. 12(a)(2).

      Thank you very much for your consideration of this matter.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

*/s/ Anne B. Taylor*
By: ANNE B. TAYLOR
Assistant U.S. Attorney

cc, via ECF:
    Justin Bonus, Esq. (Counsel for Plaintiff)
    Michelle L. Corea, Esq. (Counsel for Burlington County)
    John L. Slimm, Esq. (Counsel for Burlington Township Defendants)
    Michael R. Sarno, Esq. (Counsel for Burlington County Prosecutor's Office Defendants)