```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| KEVIN SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>BURLINGTON COUNTY, et al.,<br><br>    Defendants. | Civil No. 18-5088-JBS-KMW |

## **SCHEDULING ORDER**

    This Scheduling Order confirms the directives given to counsel during the telephone status conference held on **June 17, 2019**; and the Court noting the following appearances: Gabriel P. Harvis, Esquire, appearing on behalf of the plaintiff; and Evan Crook, Esquire, and John L. Slimm, Esquire, appearing on behalf of defendant Burlington County; Michael Ralph Sarno, Esquire, appearing on behalf of defendant Burlington County Prosecutor's Office; and Anne B. Taylor, Esquire, appearing on behalf of defendant Shawn Gorlin, and for good cause shown:

    IT IS this **17th** day of **June, 2019**, hereby **ORDERED**:

    1. On or before **July 26, 2019** Defendant Gorlin shall file his motion for a protective order seeking to establish the parameters of his status in the case prior to submitting to deposition.

    2. Pretrial factual discovery will expire on **October 31, 2019**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

    3. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before

making a discovery application, rather than just exchanging letters or e-mails.

    4. **Depositions**.  All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

    5. All affirmative expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be served not later than **December 2, 2019**.  All rebuttal expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be served not later than **January 6, 2019**.  Each such report should be accompanied by the curriculum vitae of the proposed expert witness.  No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.  Depositions of proposed expert witnesses shall be concluded by **February 7, 2019.**

    For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment.  However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

    The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

    6. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **March 20, 2020**.  Opposition to the motion should be served in a timely fashion.  Counsel are to follow L. Civ. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

    7. The Court will conduct a telephone status conference on **October 7, 2019 at 10:30 a.m**.  Counsel for plaintiff shall initiate the telephone call.

    8. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period

sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under F~ED~. R. C~IV~. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                           s/ Karen M. Williams
                                           KAREN M. WILLIAMS
                                           United States Magistrate Judge

cc:  Hon. Jerome B. Simandle