CRAIG CARPENITO
United States Attorney
BY: ANNE B. TAYLOR
Assistant U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
(856) 757-5031
Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN SMITH, | |
| Plaintiff, | HONORABLE JEROME B. SIMANDLE<br>HONORABLE KAREN M. WILLIAMS |
| v. | Civil Action No. 18-5088 (JBS) (KMW) |
| BURLINGTON COUNTY, et al., | |
| Defendants. | |

BRIEF IN SUPPORT OF TFO GORLIN'S
MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY
PENDING DISPOSITION OF THE MOTION TO DISMISS

On the Brief:

ANNE B. TAYLOR
Assistant United States Attorney

**MOTION RETURNABLE AUGUST 19, 2019**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. Applicable law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TABLE OF AUTHORITIES

Cases Page(s)

*Air Line Pilots Ass'n v. Miller*,
523 U.S. 866 (1998) .......... 7

*Barbieri v. Wells Fargo & Co.*,
09-3196 2012 U.S. Dist. LEXIS 105969 (E.D. Pa. July 27, 2012).......... 9

*Berridge v. Nalco Co.*,
10-3219, 2011 U.S. Dist. LEXIS 164094 (D.N.J. Aug. 19, 2011).......... 6

*Castellani v. City of Atl. City*,
102 F. Supp. 3d 657 (D.N.J. 2015).......... 6, 7

*Clinton v. Jones*,
520 U.S. 681 (1997) .......... 7

*Glenmede Trust Co. v. Thompson*,
56 F.3d 476 (3d Cir. 1995).......... 7

*H.A. v. Camden City Bd. of Educ.*,
10-0733, 2011 U.S. Dist. LEXIS 82652 (D.N.J. July 28, 2011).......... 6

*In re Sealed Case*,
381 F.3d 1205 (D.C. Cir. 2004) .......... 6

*J.T. Baker, Inc. v. Aetna Cas. & Sur. Co.*,
135 F.R.D. 86 (D.N.J. 1989).......... 6

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 7, 8

*Levey v. Brownstone Inv. Grp., LLC*,
590 F. App'x 132 (3d Cir. 2014) .......... 8

*Ranke v. Sanofi-Synthelabo Inc.*,
436 F.3d 197 (3d Cir. 2006).......... 8

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984) .......... 6

*Taylor v. Gilbert*,
15-348 2018 U.S. Dist. LEXIS 42322 (S.D. Ind. Mar. 15, 2018)........................10

TFO Gorlin pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*,
403 U.S. (1971) .......................................................................................... 2

*United States ex rel. Touhy v. Ragen*,
340 U.S. 462 (1951) ................................................................................... 10

*United States v. Microsoft*,
165 F.3d 952 (D.C. Cir. 1999) ...................................................................... 6

Rules

Fed. R. Civ. P. 15(a)(1)(B)............................................................................. 3

Federal Rule of Civil Procedure 26(c)(1)(A) ...................................................... 5

Regulations

28 C.F.R. § 16.21 ........................................................................................ 10

28 C.F.R. § 50.15 .......................................................................................... 9

## I. Introduction

This action arises out of Plaintiff's arrest by members of the Burlington Township Police Department and his eventually-withdrawn prosecution by the Burlington County Prosecutor's Office. Plaintiff essentially contends, in his First Amended Complaint, that he is the victim of misidentification as a result of poor investigation by county and municipal law enforcement officers. In his pleading, he asserts that a deemed federal employee, Task Force Officer Shawn Gorlin ("TFO Gorlin"), provided county and municipal law enforcement officers identifying information for a man also named Kevin Smith in connection with a brutal home invasion, assault, and sexual assault. Plaintiff alleges that, rather than arrest the identified Kevin Smith, the county and municipal law enforcement officers performed an insufficiently rigorous attempt to locate the actual perpetrator of these crimes and, instead, falsely arrested Plaintiff. Plaintiff was detained at the Burlington County Detention Center for two years before the Burlington County Prosecutor's Office decided to withdraw all charges.

TFO Gorlin, the United States Marshals Service, and the United States of America filed a motion to dismiss the multitude of state and federal claims brought against them because, in addition to a myriad of jurisdictional and procedural deficiencies, the only actions Plaintiff attributed to a federal employee in his 166-paragraph complaint were that TFO Gorlin analyzed cell phone records and conducted law enforcement database checks, and relayed the conclusions of his analysis to local law enforcement partners, partners who then allegedly failed to

conduct a proper investigation. In response, Plaintiff opposed only the dismissal of the fourth amendment malicious prosecution claim brought against TFO Gorlin pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 288 (1971). TFO Gorlin reiterated in reply that he should be dismissed from the case because the allegations of the amended complaint do not state a malicious prosecution claim and do not establish that TFO Gorlin had any personal involvement in – or that he proximately caused – the alleged harms.

Notwithstanding the pending motion, which would dispose of the claims against TFO Gorlin, Plaintiff seeks to take TFO Gorlin's deposition and has propounded written discovery upon him. Though Plaintiff specifically alleged in the body of his First Amended Complaint that TFO Gorlin identified a different Kevin Smith to local law enforcement,[1] in his opposition to the motion to dismiss he argued:

> The allegedly inculpatory documents Gorlin purported to possess have never been disclosed, leaving their very existence an open question, as is their connection, if any, to *this* Kevin Smith. A factual record must, therefore, be developed before Gorlin's liability for malicious prosecution can be meaningfully assessed.

Resp. in Opp., ECF No. 49, at 10 n.4 (citations omitted). This is a theory of the alleged facts and the case that is not articulated in the First Amended Complaint.

---

[1] *Compare* First Am. Compl., ECF No. 11, ¶ 41 (identifying Plaintiff's pedigree information as DOB 1971, SSN xxx-xx-8266, NYSID 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, FBI # 909642HA3) *with id.* ¶ 56 (identifying the information relayed by TFO Gorlin as "an individual named Kevin Smith with the following pedigree information: DOB [redacted] 1968, SSN [redacted]-6248, FBI # 881381PA1, and NYSID 07145585L.").

Plaintiff should not be permitted to engage in a fishing expedition where he has failed to allege a claim, and TFO Gorlin should not be subjected to civil discovery where he has not been formally put on notice of the actual allegations brought against him and forming the basis of any claim. Consequently, TFO Gorlin seeks entry of a protective order shielding him from the burdens of civil discovery unless and until Plaintiff states a claim against him. Entry of an Order staying discovery as to TFO Gorlin unless and until TFO Gorlin is a proper party in the case will not prejudice Plaintiff, who is otherwise pursuing deposition discovery against the multitude of other individual defendants and who has already received written discovery responses and document productions from those defendants.

## II. Background

Plaintiff filed his initial complaint on March 31, 2018. Compl., ECF No. 1. His amended complaint, adding TFO Gorlin, the United States Marshals Service, and the United States of America as defendants, followed on September 17, 2018. First Am. Compl., ECF No. 11. After protracted efforts to effect service upon the newly-added defendants, *see* Order, ECF No. 33, service on the federal defendants was effected in mid-February 2019. The federal defendants filed an omnibus motion to dismiss on April 15, 2019. Mot. to Dismiss, ECF No. 42. Plaintiff did not avail himself of Rule 15's permission to amend as of right upon the filing of an initial motion, Fed. R. Civ. P. 15(a)(1)(B), but instead sought several extensions to the deadline to respond in opposition. Plaintiff finally filed his opposition on June 27, 2019. Orders, ECF Nos. 45, 47; Resp. in Opp., ECF No. 49. The federal

defendants filed their reply brief on July 10, 2019, and that fully-briefed motion is now pending before the Court.

As detailed above, this case was initiated in March 2018. In addition to the three federal defendants added in September 2018 and served in February 2019, Plaintiff has sued an additional eighteen individuals and four institutions. *See generally* First Am. Compl. Prior to the federal defendants' addition to the case, those parties exchanged written discovery and produced initial disclosures. After federal defendants filed the motion to dismiss, the parties provided copies of their respective document productions and began to engage in deposition discovery. Plaintiff's deposition was taken on May 14, 2019, and defendant Detective Hageman's deposition on May 23, 2019.

Counsel for all parties began corresponding about proposed dates for additional depositions, notably those of Detective Christopher Ent and TFO Gorlin. Declaration of AUSA Anne B. Taylor, July 26, 2019 ("Taylor Decl.") ¶ 6. On May 24, 2019, over a month after the filing of the motion to dismiss and with the expectation that briefing would be completed or a claim stated against him, the dates of June 24 or June 26 were offered for TFO Gorlin's deposition. Taylor Decl. ¶ 7. On May 30, Plaintiff's counsel reached out to request an additional 3-week extension to respond in opposition to the motion to dismiss. *Id.* ¶ 8. The next day, defense counsel consented to that request provided that TFO Gorlin's deposition was scheduled after full briefing of the motion, because there was no claim yet stated against him. *Id.* ¶ 9. Further emails were exchanged, and on June 4, 2019, the federal

defendants further clarified their position that TFO Gorlin should not be produced for deposition until the disposition of the motion because there was no stated claim against him. *Id.* ¶ 10. Later that day, Plaintiff's counsel suggested, and counsel for the federal defendants agreed, that Plaintiff's application for additional time to file his opposition to the federal defendants' motion could be filed with consent of federal defendants and that the parties would raise the issue of TFO Gorlin's deposition to the Court at the then-scheduled June 17, 2019 status teleconference. *Id.* ¶ 11. On June 14, ahead of the status conference, undersigned counsel sent an additional explanation to all counsel that access to non-party testimony was governed by the United States Marshals Services *Touhy* regulations, which have a separate procedural process and standard of review. *Id.* ¶ 12.

Consistent with the discussions on that status conference, the Court issued a Scheduling Order directing that "on or before July 26, 2019 Defendant Gorlin shall file his motion for a protective order seeking to establish the parameters of his status in the case prior to submitting to deposition." Order, ECF No. 48, ¶ 1. The federal defendants now seek entry of a protective order staying discovery directed to TFO Gorlin or the United States until resolution of federal defendants' motion to dismiss.

## III. Applicable Law

Federal Rule of Civil Procedure 26(c)(1)(A) authorizes a court, upon a showing of good cause, to enter an order "forbidding the disclosure of discovery." This rule "confers broad discretion on the trial court to decide when a protective

order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *United States v. Microsoft*, 165 F.3d 952, 959 (D.C. Cir. 1999). The rule requires a fact-specific inquiry that "requires an individualized balancing of the many interests that many interests that may be present in a particular case." *Id.* at 960. The court weighs these interests and has broad discretion "to tailor discovery narrowly" by applying "a measure of extra protection" where required by the relevant interests at stake. *In re Sealed Case*, 381 F.3d 1205, 1215 (D.C. Cir. 2004).

The burden of persuasion to show good cause for a protective order rests upon the party seeking it. *See H.A. v. Camden City Bd. of Educ.*, No. 10-0733, 2011 U.S. Dist. LEXIS 82652, at *1 (D.N.J. July 28, 2011). "The party must demonstrate a particular need for protection because 'broad allegations of harm unsubstantiated by specific examples' will not be credited." *Berridge v. Nalco Co.*, No. 10-3219, 2011 U.S. Dist. LEXIS 164094, at * 3 (D.N.J. Aug. 19, 2011) (quoting *J.T. Baker, Inc. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 86, 90 (D.N.J. 1989)). To determine "whether sufficient good cause exists for the issuance of a protective order, the courts typically consider a number of factors, set forth in *Pansy v. Borough of Stroudsburg*, 23, F.3d 772, 786 (3d Cir. 1994)." *Castellani v. City of Atl. City*, 102 F. Supp. 3d 657, 666 (D.N.J. 2015). The factors include assessing:

(1) Whether disclosure will violate any privacy interest;

(2) Whether the information is being sought for a legitimate or improper purpose;

(3) Whether disclosure of the information will cause a party embarrassment;

(4) Whether confidentiality is being sought over information important to public health and safety;

(5) Whether the sharing of information among litigants will promote fairness and efficiency;

(6) Whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) Whether the case involves issues important to the public.

*Id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). These factors are often applied to particularized objections to specific documents or types of information. By way of example, in the cited *Castellani* case, the *Pansy* factors were applied to the question of whether the identities of individuals who filed complaints against various Atlantic City police officers should be revealed. *Id.* at 666-71.

In turn, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)) (internal quotation marks omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)

("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

## IV. Argument

Good cause exists to enter a protective order staying discovery as to TFO Gorlin because: (1) discovery cannot be used as a tool to manufacture a claim; (2) the United States Marshals Service's *Touhy* regulations clearly apply to any documents or testimony sought from TFO Gorlin if he is not a party, and Plaintiff has not complied with those regulations; and (3) Plaintiff cannot show prejudice from any associated delay, given the number of named defendants yet to be deposed. These issues are addressed in turn.

"The Rule 12(b)(6) procedure streamlines litigation by dispensing with needless discovery and factfinding, and motions to dismiss filed under it should typically be resolved before discovery begins." *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (citations omitted). In that case, the Third Circuit Court of Appeals expressly declined to permit the plaintiff "to conduct a fishing expedition in order to find a cause of action." *Id.* (quoting *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006)). As explicated in Plaintiff's response in opposition to the motion to dismiss quoted above, and contrary to the Third Circuit's admonition in *Levey*, Plaintiff seeks discovery against TFO Gorlin in

order to make out a claim against him, a claim that has not been articulated in the body of the First Amended Complaint. TFO Gorlin should not be subjected to discovery unless and until a claim has been stated against him.[2] That alone establishes sufficient good cause for entry of a protective order staying discovery against TFO Gorlin and the United States. *See also Barbieri v. Wells Fargo & Co.*, No. 09-3196, 2012 U.S. Dist. LEXIS 105969, at *13-14 (E.D. Pa. July 27, 2012) (finding good cause to enter a stay of discovery pending disposition of initial motions where plaintiffs argue that "discovery will allow them to gather additional facts to support the claims asserted in the Complaint as well as potential additional claims").

Good cause also exists to enter a protective order staying discovery against TFO Gorlin because the mechanism for seeking any documents or testimony is clearly defined by the United States Marshals Service's *Touhy* regulations if TFO Gorlin is dismissed as a party defendant. Compliance with those regulations is required before TFO Gorlin is permitted to respond to discovery requests. Pursuant to those regulations, a request for his testimony – with sufficient detail regarding its anticipated scope – must be submitted to the United States Marshals Service ("USMS"). The USMS then determines the scope of TFO Gorlin's permissible testimony, including what information and documentation might be shielded from production by the law enforcement privilege. Any challenge to the USMS's

---

[2] This concern is amplified where, as here, the individual from whom discovery is sought faces individual liability. *See* 28 C.F.R. § 50.15.

determination must be brought under the Administrative Procedure Act. *See Taylor v. Gilbert*, No. 15-348, 2018 U.S. Dist. LEXIS 42322, at *3-4 (S.D. Ind. Mar. 15, 2018) (describing circuits' differing analysis on the standard of review of subpoenas issued to non-party federal agencies and the response of those agencies). Under *Touhy*, TFO Gorlin cannot testify outside the scope of the USMS-permitted testimony. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The applicable *Touhy* regulations can be found at 28 C.F.R. § 16.21 *et seq*. While the USMS contends that, because any information sought is the property of the United States, *Touhy* applies regardless of TFO Gorlin's status as a defendant, the clear application of *Touhy* when TFO Gorlin is not a party defendant is a factor that weighs in favor of staying discovery against TFO Gorlin unless and until Plaintiff states a claim against him.

Finally, Plaintiff will not be prejudiced by entry of a protective order staying discovery against TFO Gorlin. As detailed above, Plaintiff has an additional eighteen individual and four institutional defendants in the case from which he can seek discovery now. Plaintiff can pursue, and has been pursuing, document and deposition discovery against those twenty-two other defendants. Plaintiff cannot establish that he will be prejudiced by a stay of discovery as to one defendant against whom he has not stated a claim, particularly when much remains to be done with regard to the other twenty-two defendants.

## V. Conclusion

For the reasons stated above, this Court should grant TFO Gorlin's Motion

for a Protective Order Staying Discovery, and hold all discovery directed to TFO Gorlin or the United States Marshals Service in abeyance pending disposition of the federal defendants' motion to dismiss.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

s/ *Anne B. Taylor*
By: ANNE B. TAYLOR
Assistant U.S. Attorney

Dated: July 26, 2019