```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| KEVIN SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>BURLINGTON COUNTY, et al.,<br><br>            Defendants. | Civil No. 18-5088-RMB-KMW |

## SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel during the telephone status conference held on **October 7, 2019**; and the Court noting the following appearances: Justin C. Bonus, Esquire, and Gabriel P. Harvis, Esquire, appearing on behalf of the plaintiff; and Evan Crook, Esquire, and Jeremy J. Zacharias, Esquire, appearing on behalf of defendant Burlington County; Michael Ralph Sarno, Esquire, appearing on behalf of defendant Burlington County Prosecutor's Office; and Anne B. Taylor, Esquire, appearing on behalf of defendant Shawn Gorlin, and for good cause shown:

IT IS this **7th** day of **October, 2019,** hereby **ORDERED**:

1. Pretrial factual discovery will expire on **January 31, 2020**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

2. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.

3. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge

Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

  4. Plaintiff shall identify his experts by **December 31, 2019**. All affirmative expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be served not later than **February 28, 2020**. All rebuttal expert reports and expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be served not later than **March 31, 2020**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **April 30, 2020**.

  For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of Fed. R. Civ. P. 26(a)(2)(B).

  The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

  5. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **June 12, 2020**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. Civ. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice - Generally).

  6. The Court will conduct a telephone status conference on **January 13, 2020 at 3:00 p.m**. Counsel for plaintiff shall initiate the telephone call.

  7. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under Fed. R. Civ. P. 16(b), and whether adversary counsel agree with the application.

The schedule set herein will not be extended unless good cause is shown.

        **THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

<u>s/ Karen M. Williams</u>
KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Renee Marie Bumb, U.S.D.J.